UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AL HOLIFIELD**,

           Plaintiff,

v.                                **Case No. 16-cv-1291-pp**

**JONATHAN RIVAMONTE, et al.**,

           Defendants.

---

### DECISION DENYING PLAINTIFF'S MOTION TO CONSOLIDATE (DKT. NO. 7), DENYING HIS MOTION TO HOLD CASE IN ABEYANCE (DKT. NO. 14), AND DENYING WITHOUT PREJUDICE HIS MOTION TO APPOINT COUNSEL (DKT. NO. 10)

---

Plaintiff Al Holifield is a state prisoner who is representing himself. On September 27, 2016, he filed a complaint under 42 U.S.C. §1983, Dkt. No. 1, along with a motion to proceed without prepayment of the filing fee, Dkt. No. 2. On October 18, 2016, the court ordered him to pay an initial partial filing fee of $35.73 by November 9, 2016. Dkt. No. 16. After the plaintiff pays the initial partial filing fee, the court will screen his complaint to determine whether he has stated claims against the named defendants.

Since filing his complaint, the plaintiff has filed a motion to consolidate this case with and Case No. 14-cv-1486 (his *habeas corpus* petition against Warden Paul Kemper and defendant Ronald Malone) (Dkt. No. 7); a motion to

hold this case in abeyance (Dkt. No. 14); and a motion for the appointment of counsel (Dkt. No. 10). This order addresses those three motions.

**I.      Motion to Consolidate**

On October 13, 2016, the plaintiff filed a motion to consolidate this case with case no. 14-cv-1486, Holifield v. Malone, Dkt. No. 7. Both cases are pending before this court. The plaintiff explains that his request "is based on the fact that most of the evidence that[']s in support of the plaintiff's complaint is already on record in case #14-cv-1486." Id. at 1. He goes on to request that, if the court declines to consolidate the cases, the court provide the plaintiff with a copy of the record in case no. 14-cv-1486. Id. at 2. (In a separate letter, the plaintiff notified the court that he no longer has copies of the filings in case no. 14-cv-1486, that he needs copies of those filings to support his claims in this lawsuit, and that he has insufficient funds to pay for copies of those filings. Dkt. No. 13.)

The district court has discretion to decide whether to consolidate cases. Fleishman v. Prudential-Bache Securities, Inc., 103 F.R.D. 623, 624 (E.D. Wis. 1984). In order for a court to consider consolidation, there be common questions of law or fact, "consolidation must not result in prejudice to a party," and the party seeking consolidation must show that consolidation would "promote trial convenience and economy in administration due to factors other than mere commonality of legal and factual issues." Id. at 624-25. Factors that courts consider in determining whether to consolidate include "judicial economy, avoiding delay, and avoiding inconsistent or conflicting results." Van

Patten v. Wright, Nos. 07-C-788, 07-C-26, 2009 WL 1886010, at *2 (E.D. Wis. June 30, 2009).

The court will not consolidate the plaintiff's cases. Although the cases arise from the same general set of facts, the legal issues, and relief the plaintiff requests in each case, are very different. In his *habeas* case, the plaintiff (there, the petitioner) asks the court to reverse his judgment of conviction and either grant an evidentiary hearing or order a new trial. In this civil rights case, the plaintiff asks for compensatory and punitive damages. The cases involve different parties—the respondent in the *habeas* case is the warden of the correctional facility where the petitioner is housed, while the defendants in his civil rights case are police officers, police departments, and other law enforcement agencies. It is not clear at this stage, but it is possible that the *plaintiffs* in the civil rights case will end up being different than the petitioner in the *habeas* case. The plaintiff filed the civil rights complaint in his name, as well as in the names of his grandparents, Cora and Edward Holifield. The court has ordered that if Mr. and Mrs. Holifield wish to be plaintiffs in this suit, they must sign the complaint and file the signed copy with the court by November 4. Dkt. No. 12.

In addition, the cases are at two very different stages. The plaintiff's petition for a writ of *habeas corpus* is fully briefed, and the court is considering it for decision; the plaintiff filed this civil rights complaint only three weeks ago; the court has not yet screened it. If the court were to grant the plaintiff's

motion to consolidate, it would have to significantly delay a decision in the *habeas* case while the parties conduct discovery, and brief dispositive motions, in the civil rights case. This would prejudice the plaintiff, the defendants in this case, and the respondents in the *habeas* case.

It appears that the main reason the plaintiff wants the court to consolidate the cases is that he filed, in the *habeas* case, the only copies he had of documents that support his claims. He now believes that he needs those documents to support his civil rights claims. He believes that if the court consolidates the two cases, that will give him access (presumably free of charge) to the documents he filed in the *habeas* case. This is not an appropriate basis for the court to grant a motion to consolidate.

Even if the cases were appropriate for consolidation, the plaintiff would not receive free copies of the documents he filed in the *habeas* case. If the plaintiff would like to purchase copies of any documents he filed in the *habeas* case, and wants to purchase them now (before the court has screened his civil rights complaint), he may do so at a rate of $0.10 per page. Alternatively, the plaintiff may wait to see whether the court allows the plaintiff to proceed on claims in this civil rights suit. If the court does allow him to proceed beyond the screening stage, he may then try to obtain the documents he believes he needs from the defendants through discovery. (The plaintiff *may not* serve discovery requests on the defendants in this case until *after* the court screens his complaint and, if appropriate, enters a scheduling order setting a discovery

5

deadline.) The court understands that many parties have difficulty affording the costs associated with litigation, but the court does not have adequate resources to cover those costs for litigants.

The court will deny the plaintiff's motion to consolidate. Dkt. No. 7.

## II. Motion to Hold Case in Abeyance

On October 17, 2016, the plaintiff filed a motion to hold this case in abeyance pending the outcome of his petition for a writ of *habeas corpus*. Dkt. No. 14. The plaintiff explains that he expects a decision soon, and, if the petition is granted, he intends to amend his complaint. Id. at 1. He also refers the court to his motion to consolidate. Id.

The court will deny the plaintiff's motion. As stated at the beginning of this order, the plaintiff has not yet paid the initial partial filing fee in this case, and the court has not yet screened the plaintiff's complaint. In addition, the court is not sure who the plaintiffs will be in this case; it has given the plaintiff's grandparents a deadline of November 4 to decide whether they wish to join the case as plaintiffs. While it is true that the plaintiff's *habeas* case is fully briefed, the court is compelled to note that it has a substantial case load, and cannot give the plaintiff a date by which it will decide his *habeas* case.

If the plaintiff is not ready to proceed with his civil lawsuit at this time, he may voluntarily dismiss his complaint, and re-file it at a time of his choosing (subject to the relevant statute of limitations). The court will not put this case on hold while the plaintiff waits to see how his *habeas* case comes

6

out, so that he may possibly amend his complaint dependent on that outcome.[1] The court will deny the motion to hold in abeyance.

### III. Motion to Appoint Counsel

On October 13, 2016, the plaintiff filed a motion to appoint counsel, along with copies of three letters he sent to attorneys in an attempt to secure counsel on his own. Dkt. No. 10. The plaintiff explains that he has limited education; he needs help with research, investigation, and obtaining discovery; and the case is unusually complex. Id. at 1-2.

In a civil case, the court has discretion to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Once the litigant makes reasonable attempts to hire counsel, the court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks not only at the

---

[1] As an aside, the court notes that, on October 13, 2016, the plaintiff filed a "Supplementation" to his complaint. Dkt. No. 9. The plaintiff explains that "he forgot to mention" various allegations in his complaint. The court will not consider these additional allegations when it screens his complaint because they are not properly before the court. This court's local rules prohibit plaintiffs from filing a complaint in successive filings. If the plaintiff wants the court to consider these additional allegations, he must file a single, amended complaint that contains both the allegations he made in his original complaint and the allegations he wishes to add.

7

plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

Most incarcerated plaintiffs who are representing themselves ask the court to appoint counsel to represent them. Most of them are not lawyers, do not have any legal training, do not have funds to hire an attorney, and have limited access to legal research materials. The court does not have the resources to pay lawyers to represent *pro se* plaintiffs, and there are not enough lawyers in the community willing to volunteer their time to represent all of the *pro se* plaintiffs who ask for counsel. Accordingly, the court must consider carefully the Pruitt factors and appoint counsel only in complex cases where it believes the plaintiff is not capable of clearly presenting his claims to the court.

The plaintiff has satisfied the first Pruitt factor by demonstrating that he made reasonable attempts to hire private counsel on his own. See Dkt. No. 8. The court, however, will not recruit counsel to represent the plaintiff at this time. The court is able to understand the plaintiff's arguments and the relief he seeks. His filings are organized, coherent, and include citations to relevant case law. It is clear that he understands his claims and is able to present them to the court. There may come a time when the legal issues involved in the case, and tasks the plaintiff must complete, become so complicated that he is not able to handle them on his own, but that time has not arrived. Because the

8

court believes that the plaintiff is capable of representing himself through discovery and the briefing of summary judgment, the court will deny his motion for appointment of counsel without prejudice.

## IV. Conclusion

The court **DENIES** the plaintiff's motion to consolidate case nos. 16-cv-1291 and 14-cv-1486 (Dkt. No. 7).

The court **DENIES** the plaintiff's motion to hold case in abeyance (Dkt. No. 14).

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel (Dkt. No. 10).

Dated in Milwaukee, Wisconsin this 19th day of October, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

9

Case 2:16-cv-01291-PP   Filed 10/19/16   Page 9 of 9   Document 18